## Case No. 14,677a.

### UNITED STATES v. BRUSH.

### The GENERAL RONDEAU.

[10 Niles Reg. 251.]

Circuit Court, E. D. South Carolina. Nov. 28, 1820.

PIRACY—MUTINY ON FOREIGN PRIVATEER—JURISDICTION OF COURTS.

[The crew of a privateer commissioned by a foreign government mutinied, secured control of the vessel, sent away their officers, divided among themselves certain specie on board, and brought the vessel into the United States without committing any further depredations. Part of the crew were American seamen. *Held* that, if the case were one of general piracy, the United States courts had jurisdiction to try the American members of the crew, and that it was a question for the jury whether the motives of the crew in seizing the vessel and dismissing her officers were not to plunder her, and not merely to throw off the authority of the officers.]

The crew of the Gen. Rondeau were tried on a charge of piracy. It appears from the evidence of some of the crew, who were witnesses for the United States, that the Gen. Rondeau was a privateer commissioned by the republic of Buenos Ayres about the commencement of 1820, and, after a successful cruize, was lying off the island of Grenada, some time in May, on her way to Margaritta, to which port her prizes had been sent for condemnation, where a boat with the third officer, Lieut. McSweeney, was sent ashore; that, the boat having returned without one of the crew, they expressed their resentment, and refused to proceed to their port of destination. In the attempt of the officers to restore obedience, Lieut. McSweeney was killed. The crew then took possession of the brig and confined the officers. After a short interval the officers were sent away in a boat, the command of the brig assumed by the crew, and her course changed for the United States. Two days after, all the specie on board was divided among the crew. Several vessels were spoken by the brig on her way to the United States, and some of the men were put on board of them, but no violence was offered. When the brig arrived near Georgetown, the prisoners abandoned her, bringing their money and clothes on shore. Some were arrested in Georgetown, and some in Charlestown. The Americans were first put on their trial.

On the part of the prisoners it was contended: First, that this was not a case of general piracy, but of mutiny, and therefore the republic of Buenos Ayres alone had jurisdiction of it. Second, that the offence, even if piracy, having occurred on board of a foreign privateer, which is a part of the fleet of a nation, the republic of Buenos Ayres had an exclusive jurisdiction of it.

On the part of the United States it was

contended, that piracy was robbery on the high seas; that in this case there was a robbery as well as a mutiny; that the United States had jurisdiction over its own citizens whenever they may commit piracy, and the jurisdiction of a nation over its own fleet, being personal, and not territorial, does not exclude the personal jurisdiction which all nations have of piracy.

Before JOHNSON, Circuit Justice, and DRAYTON, District Judge.

JOHNSON, Circuit Justice, charged in favor of the jurisdiction of the court over its own citizens in cases of general piracy, though committed on board of a foreign vessel, and he left it for the jury to say whether there was not evidence in this case, not only of a mutiny, but of a piracy, and whether the motives of the crew in seizing the brig and dismissing the officers were not to plunder the vessel and not merely to throw off the authority of their officers.

The jury, after deliberating for a short time, returned with a verdict of acquittal. The case of the foreigners composing this crew, was then submitted to the same jury, who also acquitted them.